IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAXIS PRECISION MEDICINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 25-1256-RGA |
| ) | |
| DAVID B. GOLDSTEIN and ACTIO ) | |
| BIOSCIENCES, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) and/or 12(b)(6)**

Defendants Dr. David B. Goldstein and Actio Biosciences, Inc. ("Actio," together "Defendants") respectfully request that the Court take judicial notice of the documents attached as Exhibits 1–2[1] pursuant to Federal Rule of Evidence 201 and related authorities cited below. These documents are not offered for the truth of the matters asserted within, but instead to show what information was publicly disclosed by Praxis as of specific times.

Federal Rule of Evidence 201 authorizes this Court to take judicial notice of facts "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Further, judicial notice may be taken "if a party requests it and the court is supplied with the necessary information[,]" *id*. at 201(c), and authorizes judicial notice "at any stage of the proceeding[,]" *id*. at 201(d).

It is standard procedure for federal courts to take judicial notice of documents when evaluating the allegations of a complaint when presented with a motion to dismiss pursuant to

---

[1] Exhibits 1 and 2 are submitted with the concurrently filed Declaration of W. Chad Shear in support of Defendants' Motion to Dismiss.

1

Rule 12. *See, e.g., In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). "Public records" are also proper subjects of judicial notice. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

It is well settled that when articles or public records such as published patent applications are offered to indicate what information had been publicly disclosed at certain time periods, a court may take judicial notice of those documents and the fact that they disclose certain information, without necessarily accepting the information disclosed by those documents as true. *See Benak ex rel. All. Premier Growth Fund v. All.Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (taking judicial notice of published articles does not convert a Rule 12(b)(6) motion to a motion for summary judgment); *Neuberger v. Gordon*, 567 F. Supp. 2d 622, 630 (D. Del. 2008) (same); *In re Gardner Denv., Inc.*, No. 8505-VCN, 2014 WL 715705, at *9 (Del. Ch. Feb. 21, 2014) (taking judicial notice of website printouts even though they would not qualify as integral to the amended complaint, because they were not offered for the truth of the disclosures therein, but rather to show what was publicly disclosed and when).

Accordingly, Defendants seek judicial notice of the following:

**Exhibit 1** – Andrew M. Griffin, et al., *Discovery of the First Orally Available, Selective $K_{Na}1.1$ Inhibitor: In Vitro and In Vivo Activity of an Oxadiazole Series*" ACS Medicinal Chemistry Letters, 12:593-602, published March 9, 2021.

**Exhibit 2** – International Application Publication No. WO 2020/227101 A1, titled

"KCNT1 Inhibitors and Methods of Use," published November 12, 2020.

The Court should take judicial notice of Exhibits 1–2 because they are all public records with verifiable authenticity and are offered only to show that certain information was in the public domain and conventional by 2007.  *See* Fed. R. Evid. 201(b).  Exhibit 1 is a publicly available scientific manuscript; Exhibit 2 is a published patent application from the World Intellectual Property Organization.  At a minimum, "the Court may look to these documents to determine what was public information and, conversely, what may have been confidential information."  *In re Gardner Denv.*, 2014 WL 715705, at *9; *accord Benak*, 435 F.3d at 401 n.15.

|  |  |
|---|---|
| OF COUNSEL:<br>W. Chad Shear<br>Reem Gerais<br>COOLEY LLP<br>10265 Science Center Drive<br>San Diego, CA 92121<br>(858) 490-6000<br><br>Daniel J. Knauss<br>HanByul Chang<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>(650) 843-5000<br><br>Brittany N. Cazakoff<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004<br>(202) 842-7800<br><br>Dated: December 5, 2025 | /s/ Nathan R. Hoeschen<br>Karen E. Keller (No. 4489)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendants David B. Goldstein and Actio Biosciences, Inc.* |

3